IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NIHON TSUSHIN KABUSHIKI KAISHA<br>d/b/a JAPAN COMMUNICATIONS, INC., | ) <br> ) <br> ) | |
| Plaintiff, | ) | |
| v. | ) <br> ) | |
| DONALD DAVIDSON; DAVID IZATT;<br>J. CHANDLER HALL; RNR VENTURES,<br>LLC; ANGUS ADAIR WOLFGANG, INC.;<br>HRC, LLC; LIOCE INVESTMENTS, LLC;<br>SHATAS PARTNERS, LTD.; BRYAN W.<br>BUTLER; JACALYN A. BUTLER; WILLIAM<br>McCARY; BILLIE JOE McCARY; JEAN T.<br>MOORE; MARGARET T. MOORE; DAVID S.<br>BUTLER; JOHN JURENKO; WILLIAM<br>SCOTT McCARY; TODD J. SLYMAN;<br>FRANKLIN STREET INVESTMENTS, LLC;<br>BRINDLEE CAPITAL LLC; HEIDE<br>WILLIAMS; DAVID NICOLAS; MARK<br>NICOLAS; JAMES V. BALCH; ALAN L.<br>NORDLINGER; FORREST R. HAIRSTON;<br>SR.; DIXIE D. WOLF; MICHAEL W.<br>SOLLEY; SAMUEL P. MCMANUS; STEVEN<br>D. MARZ; ANTHONY A. GANN; GREGORY<br>J. CLAYTON; J. JEFFREY IRONS; VICKI C.<br>IRONS; CITY LIGHT CAPITAL, LLC; LOUIS<br>K. SISCO, JR.; GREGORY K. GUM;<br>E. WAYNE BONNER; THOMAS M. GRIGGS;<br>DALE B. GRIGGS; WEBBER<br>INVESTMENTS; JOHN R. COLEMAN;<br>DONNA C. COLEMAN; CHARLES T.<br>HOUSER; PRASADA KAKANI; BHAVANI<br>K.D. KAKANI; ROBERT E. THURBER;<br>ELEANOR B. THURBER; and DAVID J.<br>SLYMAN, JR.; | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. _____ |
| Defendants. | ) <br> ) | |

**COMPLAINT**

-2-

Plaintiff Nihon Tsushin Kabushiki Kaisha d/b/a Japan Communications, Inc. ("JCI") hereby files this Complaint against Defendants Donald Davidson ("Davidson"), David Izatt ("Izatt"), J. Chandler Hall ("Hall"), RNR Ventures, L.L.C. ("RNR"), Angus Adair Wolfgang, Inc. ("AAW"), HRC, LLC ("HRC"), Lioce Investments, LLC ("Lioce"), Shatas Partners, Ltd. ("Shatas"), Bryan W. Butler, Jacalyn A. Butler, William McCary, Billie Joe McCary, Jean T. Moore, Margaret T. Moore, David S. Butler, John Jurenko, William Scott McCary, Todd J. Slyman, Franklin Street Investments, LLC ("Franklin Street"), Brindlee Capital LLC ("Brindlee"), Heide Williams, David Nicolas, Mark Nicolas, James V. Balch, Alan L. Nordlinger, Forrest R. Hairston, Sr., Dixie D. Wolf, Michael W. Solley, Samuel P. McManus, Steven D. Marz, Anthony A. Gann, Gregory J. Clayton, J. Jeffrey Irons, Vicki C. Irons, City Light Capital, LLC ("City Light"), Louis K. Sisco, Jr., Gregory K. Gum, E. Wayne Bonner, Thomas M. Griggs, Dale B. Griggs, Webber Investments ("Webber"), John R. Coleman, Donna C. Coleman, Charles T. Houser, Prasada Kakani, Bhavani K.D. Kakani, Robert E. Thurber, Eleanor B. Thurber, David J. Slyman, Jr. (collectively, the "Defendants" or the "Stockholders"), and shows the Court as follows:

## JURISDICTION AND VENUE

1. All of the parties to this action are also parties to a Securities Purchase Agreement (the "SPA"), dated as of February 28, 2006.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because this is an action between citizens of a State and a citizen of a foreign state, and with an amount in controversy greater than $75,000.

3. This Court has personal jurisdiction over all of the parties to this action because, in Section 18 of the SPA, each of the parties expressly submitted to the jurisdiction of this Court.

4.     Venue is proper in this Court pursuant to Section 18 of the SPA, in which the parties agreed that any action "relating in any way" to the SPA "may be brought and enforced in … the United States District Court for the District of Delaware[.]" Section 18 further provides that "Each of the parties irrevocably waive, to the fullest extent permitted by law, any objection that they may now or hereafter have to the laying of venue of any such proceeding in … the District of Delaware and any claim that any such proceeding brought in any such court has been brought in an inconvenient forum."

5.     In addition, Section 18 of the SPA states that "Each of the parties hereto hereby irrevocably waives all right to trial by jury in any proceeding arising out of or relating to this Agreement."

## THE PARTIES

6.     Plaintiff JCI is a Japanese corporation with its principal place of business in Tokyo, Japan.

7.     Defendant Davidson is a citizen of the State of Alabama, and may be served with process (1) at his business address of 1525 Perimeter Parkway, Suite 225, Huntsville, AL 35806 or (2) at his home address, 7770 Wildcreek Trail SE, Huntsville, AL 35802. At all times relevant hereto, Donaldson has been Chief Executive Officer and a shareholder of Plaintiff Arxceo.

8.     Defendant Izatt is a citizen of the State of Alabama, and may be served with process at 4170 S. Memorial Parkway, Apt. H, Huntsville, AL. At all times relevant hereto, Izatt has been an officer and a shareholder of Plaintiff Arxceo.

9. Defendant Hall is a citizen of the State of Alabama, and may be served with process at 8331 Whitesburg Way, Huntsville, AL 35802. At all times relevant hereto, Hall has been an officer and a shareholder of Plaintiff Arxceo.

10. Defendant RNR is an Alabama limited liability company with its principal place of business in Huntsville, Alabama, and may be served with process through its registered agent, Charles F. Lofty, 200 Clinton Avenue West, Suite 404, Huntsville, AL 35801. At all times relevant hereto, RNR has been a shareholder of Plaintiff Arxceo.

11. Defendant AAW is an Alabama corporation with its principal place of business in Huntsville, Alabama, and may be served with process through its registered agent, Robert Adair McManus, 234 Walker Avenue, Huntsville, AL 35801. At all times relevant hereto, AAW has been a shareholder of Plaintiff Arxceo.

12. Defendant HRC is an Alabama limited liability company with its principal place of business in Huntsville, Alabama, and may be served with process through its registered agent, E. Wayne Bonner, 401 Meridian Street N., Suite 301, Huntsville, AL 35801. At all times relevant hereto, HRC was a shareholder of Arxceo.

13. Defendant Lioce is an Alabama limited liability company with its principal place of business in Huntsville, Alabama, and may be served with process through its registered agent, Louise Lioce, 3218 Riley Road SE, AL 35801. At all times relevant hereto, Lioce was a shareholder of Plaintiff Arxceo.

14. Defendant Shatas is an Alabama partnership with its principal place of business in Huntsville, Alabama, and may be served with process through its registered agent, Scott W. McCrary, 927 Franklin Street, Huntsville, AL 35801. At all times relevant hereto, Franklin Street has been a shareholder of Plaintiff Arxceo.

-5-

15. Defendant Bryan W. Butler is a citizen of the State of California, and may be served with process at 2117 Alameda Padre Sierra, Santa Barbara, CA 93103. At all times relevant hereto, Bryan W. Butler was a shareholder of Arxceo.

16. Defendant Jacalyn A. Butler is a citizen of the State of California, and may be served with process at 2117 Alameda Padre Sierra, Santa Barbara, CA 93103. At all times relevant hereto, Bryan W. Butler was a shareholder of Arxceo.

17. Defendant William McCary is a citizen of the State of Alabama, and may be served with process at 208 Teakwood Drive, Huntsville, AL 35801. At all times relevant hereto, William McCary was a shareholder of Plaintiff Arxceo.

18. Defendant Billie Joe McCary is a citizen of the State of Alabama, and may be served with process at 208 Teakwood Drive, Huntsville, AL 35801. At all times relevant hereto, Billie Joe McCary was a shareholder of Plaintiff Arxceo.

19. Defendant Jean T. Moore is a citizen of the State of Virginia, and may be served with process at 414 Ott Street, Harrisonburg, VA 22801. At all times relevant hereto, Jean T. Moore was a shareholder of Plaintiff Arxceo.

20. Defendant Margaret T. Moore is a citizen of the State of Virginia, and may be served with process at 414 Ott Street, Harrisonburg, VA 22801. At all times relevant hereto, Margaret T. Moore was a shareholder of Plaintiff Arxceo.

21. Defendant David S. Butler is a citizen of the State of Alabama, and may be served with process at 2230 Governor's Bend, Huntsville, AL 35801. At all times relevant hereto, David S. Butler was a shareholder of Plaintiff Arxceo.

22.   Defendant John Jurenko is a citizen of the State of Alabama, and may be served with process at 5715 Criner Road, Huntsville, AL 35802. At all times relevant hereto, John Jurenko was a shareholder of Plaintiff Arxceo.

23.   Defendant William Scott McCary is a citizen of the State of Alabama, and may be served with process at 27 Ledges View Drive, Huntsville, AL 35802. At all times relevant hereto, William Scott McCary was a shareholder of Plaintiff Arxceo.

24.   Defendant Todd J. Slyman is a citizen of the State of Alabama, and may be served with process at 110 Crownridge Drive, Madison, AL 35756. At all times relevant hereto, Todd J. Slyman was a shareholder of Plaintiff Arxceo.

25.   Defendant Franklin Street is an Alabama limited liability company with its principal place of business in Huntsville, Alabama, and may be served with process through its registered agent, Scott W. McCrary, 927 Franklin Street, Huntsville, AL 35801. At all times relevant hereto, Franklin Street was a shareholder of Plaintiff Arxceo.

26.   Defendant Brindlee is an Alabama limited liability company with its principal place of business in Birmingham, Alabama, and may be served with process through its registered agent, John W. Gant, Jr., 1819 5th Avenue North, Suite 1100, AL 35203. At all times relevant hereto, Brindlee was a shareholder of Plaintiff Arxceo.

27.   Defendant Heide Williams is a citizen of the State of Alabama, and may be served with process at 110 Crownridge Drive, Madison, AL 35756. At all times relevant hereto, Heide Williams was a shareholder of Plaintiff Arxceo.

28.   Defendant David Nicolas is a citizen of the State of Alabama, and may be served with process at 7602 Peacock Drive, Huntsville, AL 35802. At all times relevant hereto, David Nicolas was a shareholder of Plaintiff Arxceo.

29. Defendant Mark Nicolas is a citizen of the State of Alabama, and may be served with process at 7602 Peacock Drive, Huntsville, AL 35802. At all times relevant hereto, Mark Nicolas was a shareholder of Plaintiff Arxceo.

30. Defendant James V. Balch is a citizen of the State of Alabama, and may be served with process at 3506 Chateau Circle, Huntsville, AL 35801. At all times relevant hereto, James V. Balch was a shareholder of Plaintiff Arxceo.

31. Defendant Alan L. Nordlinger is a citizen of the State of Alabama, and may be served with process at SL Nusbaum, 1000 Bank of America Building, Norfolk, VA 23501. At all times relevant hereto, Alan L. Nordlinger was a shareholder of Plaintiff Arxceo.

32. Defendant Forrest R. Hairston is a citizen of the State of Alabama, and may be served with process at 1112 Bluefield Avenue, Huntsville, AL 35801. At all times relevant hereto, Forrest R. Hairston was a shareholder of Plaintiff Arxceo.

33. Defendant Dixie D. Wolf is a citizen of the State of Virginia, and may be served with process at 334 S. Botetourt Ct., Norfolk, VA 23507. At all times relevant hereto, Dixie D. Wolf was a shareholder of Plaintiff Arxceo.

34. Defendant Michael W. Solley is a citizen of the State of Florida, and may be served with process at 1516 Island Green, Destin, FL 32550. At all times relevant hereto, Michael W. Solley was a shareholder of Plaintiff Arxceo.

35. Defendant Samuel P. McManus is a citizen of the State of Alabama, and may be served with process at 8867 Tacoma Trail, Huntsville, AL 35802. At all times relevant hereto, Samuel P. McManus was a shareholder of Plaintiff Arxceo.

36. Defendant Steven D. Marz is a citizen of the State of Alabama, and may be served with process at 46 Revere Way, Huntsville, AL 35801. At all times relevant hereto, Steven D. Marz was a shareholder of Plaintiff Arxceo.

37. Defendant Anthony A. Gann is a citizen of the State of Alabama, and may be served with process at 102 Clinton Avenue, Suite 202, Huntsville, AL 35801. At all times relevant hereto, Anthony A. Gann was a shareholder of Plaintiff Arxceo.

38. Defendant Gregory J. Clayton is a citizen of the State of Alabama, and may be served with process at 365 Metaire Lane, Madison, AL 35758. At all times relevant hereto, Gregory J. Clayton was a shareholder of Plaintiff Arxceo.

39. Defendant J. Jeffrey Irons is a citizen of the State of Alabama, and may be served with process at 2251 Governors Bend Road, Huntsville, AL 35801. At all times relevant hereto, J. Jeffrey Irons was a shareholder of Plaintiff Arxceo.

40. Defendant Vicki C. Irons is a citizen of the State of Alabama, and may be served with process at 2251 Governors Bend Road, Huntsville, AL 35801. At all times relevant hereto, Vicki C. Irons was a shareholder of Plaintiff Arxceo.

41. Defendant City Light is a Delaware limited liability company, with its principal place of business in Greenwich, Connecticut, and may be served with process through its registered agent, National Corporate Research Ltd., 615 South DuPont Hwy., Dover, DE 19901. At all times relevant hereto, City Light was a shareholder of Plaintiff Arxceo.

42. Defendant Louis K. Sisco, Jr. is a citizen of the State of Alabama, and may be served with process at 2205 Old Ridge Road, Huntsville, AL 35802. At all times relevant hereto, Louis K. Sisco, Jr. was a shareholder of Plaintiff Arxceo.

43.  Defendant Gregory K. Gum is a citizen of the State of Alabama, and may be served with process at 1915 Parkhill Way, Huntsville, AL 35801. At all times relevant hereto, Gregory K. Gum was a shareholder of Plaintiff Arxceo.

44.  Defendant E. Wayne Bonner is a citizen of the State of Alabama, and may be served with process at 401 Meridian Street, Suite 301, Huntsville, AL 35801. At all times relevant hereto, E. Wayne Bonner was a shareholder of Plaintiff Arxceo.

45.  Defendant Thomas M. Griggs is a citizen of the State of Alabama, and may be served with process at 1009 Brookridge Circle, Huntsville, AL 35801. At all times relevant hereto, Thomas M. Griggs was a shareholder of Plaintiff Arxceo.

46.  Defendant Dale B. Griggs is a citizen of the State of Alabama, and may be served with process at 1009 Brookridge Circle, Huntsville, AL 35801. At all times relevant hereto, Dale B. Griggs was a shareholder of Plaintiff Arxceo.

47.  Defendant Webber is an Alabama limited liability company with its principal place of business in Huntsville, Alabama, and may be served with process through its registered agent, James Kevin Webber, 203 Weschase Row, Huntsville, AL 35801. At all times relevant hereto, Webber has been a shareholder of Plaintiff Arxceo.

48.  Defendant John R. Coleman is a citizen of the State of Alabama, and may be served with process at 113 High Coach Way, Madison, AL 35758. At all times relevant hereto, John R. Coleman was a shareholder of Plaintiff Arxceo.

49.  Defendant Donna C. Coleman is a citizen of the State of Alabama, and may be served with process at 113 High Coach Way, Madison, AL 35758. At all times relevant hereto, Donna C. Coleman was a shareholder of Plaintiff Arxceo.

50. Defendant Charles T. Houser is a citizen of the State of Alabama, and may be served with process at c/o BAE Systems, 308 Voyager Way, Huntsville, AL 35806. At all times relevant hereto, Charles T. Houser was a shareholder of Plaintiff Arxceo.

51. Defendant Prasada Kakani is a citizen of the State of Alabama, and may be served with process at 1306 Chandler Drive, Huntsville, AL 35801. At all times relevant hereto, Prasada Kakani was a shareholder of Plaintiff Arxceo.

52. Defendant Bhavani K. D. Kakani is a citizen of the State of Alabama, and may be served with process at 1306 Chandler Drive, Huntsville, AL 35801. At all times relevant hereto, Bhavani K. D. Kakani was a shareholder of Plaintiff Arxceo.

53. Defendant Robert E. Thurber is a citizen of the State of Alabama, and may be served with process at 2414 Covemont Drive, Huntsville, AL 35801. At all times relevant hereto, Robert E. Thurber was a shareholder of Plaintiff Arxceo.

54. Defendant Eleanor B. Thurber is a citizen of the State of Alabama, and may be served with process at 2414 Covemont Drive, Huntsville, AL 35801. At all times relevant hereto, Eleanor B. Thurber was a shareholder of Plaintiff Arxceo.

55. Defendant David J. Slyman, Jr. is a citizen of the State of Alabama, and may be served with process at 60 Ledges Drive, Huntsville, AL 35802. At all times relevant hereto, David J. Slyman, Jr. was a shareholder of Plaintiff Arxceo.

**FACTUAL BACKGROUND**

56. Pursuant to the terms of the SPA, JCI paid a total of $5 million to Arxceo and the Stockholders, by which JCI acquired a 58% interest in Arxceo: $3 million to the Stockholders for certain Common, Series A Preferred, and Series B Preferred Stock of Arxceo held by the

Stockholders; and $2 million to Arxceo as a cash infusion to Arxceo, and for Series C Preferred Stock.

57. The SPA further provided for JCI to acquire the remaining 42% interest in Arxceo over a two-year period, with payments to be made by JCI to the Stockholders pursuant to an "Earn Out" provision in the SPA.

58. Despite acquiring a 58% interest in Arxceo, JCI left Arxceo's existing management intact. Thus, Davidson, Izatt and Hall remained officers of Arxceo and continued to control its operations.

59. Section 18 of the SPA states that it shall be governed by Delaware law.

## COUNT I – BREACH OF CONTRACT
### (All Defendants)

60. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 59, *supra*, inclusive.

61. All conditions precedent to Plaintiffs' enforcement of the SPA have been satisfied and performed.

62. In Section 4 of the SPA, Defendants Izatt and Davidson – individually and in their express capacity as "representatives" of the other Stockholder Defendants – made a number of representations and warranties to JCI. Specifically, in Section 4(h)(ii) of the SPA, the Defendants, by and through Izatt and Davidson acting in their personal and representative capacities, warranted as follows:

> The business plan of the company and initial budget for calendar year 2006 as set forth on Schedule 4(h) have been prepared in good faith, using assumptions which are reasonable. Such projections set forth in reasonable detail the principal assumptions from which such projections are based and represent the company's reasonable, good faith estimate of future performance and costs.

63. In fact, said projections were not prepared in good faith and were not prepared upon assumptions which were reasonable. Arxceo's actual sales and profits during its first year of operation after execution of the SPA were a small fraction of those projected.

64. Defendants have breached the SPA by making the false representations and warranties stated above.

65. As a result of the breach stated above, Plaintiffs have been damaged in an amount to be determined at trial but not less than the $5 million that JCI paid in justifiable reliance upon Defendants' representations and warranties, plus the lost income Plaintiffs would have received if the representations and warranties had been accurate.

## COUNT II – FRAUDULENT INDUCEMENT
### (All Defendants)

66. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 65, *supra*, inclusive.

67. Pursuant to Section 4(h)(ii) of the SPA, Davidson and Izatt prepared and provided to JCI financial projections titled "Arxceo Corporation Projected Income Statement for Fiscal Year 2007" (the "Projections").

68. At a meeting in approximately December 2005 at the Inverness Hotel and Conference Center in Englewood, Colorado, between Davidson, acting both individually and in his capacity as a representative of the other Defendants; Frank Sanda, JCI's CEO; and Marc Winn, COO of a JCI subsidiary, Computer and Communications Technologies, Inc.; Davidson made the following false and material statements with the intent of inducing JCI to enter into the SPA and with knowledge that said statements were false or with reckless indifference to their truth.

(a) that Arxceo had two products, the IP-100 and the IP-1000, which were fully developed and were ready to market;

(b) that Arxceo had a network of 26 distributors and resellers ready, willing and able to sell the products in their current form;

(c) that Davidson had secured commitments from BellSouth and two of BellSouth's suppliers to purchase large quantities of Arxceo's two products; and

(d) that the working capital necessary for Arxceo to build its business to a point at which its revenues and gross profits would be sufficient to sustain the Company without need for additional investment was $2 million or less.

69. In the SPA itself, on behalf of themselves and as express representatives of their fellow Stockholders, Defendants Davidson and Izatt represented and warranted that the Projections were "prepared in good faith, using assumptions which are reasonable," and that the Projections constituted a "reasonable, good faith estimate of [Arxceo's] future performance and costs."

70. In fact, Defendants Davidson, Hall, and Izatt, individually and in their representative capacities, were knowingly selling to JCI "vaporware" – products that had numerous bugs and defects and which had not been completed and were not ready to market.

71. Defendants Davidson, Hall, and Izatt knew that these representations were false at the time they made them.

72. Davidson, Hall, and Izatt made these false representations in their individual and representative capacities with the intent of inducing JCI into entering into the SPA.

73. JCI reasonably and justifiably relied upon the false representations made by Davidson and Izatt in deciding to enter into the SPA.

74. As a result of Davidson's, Hall's and Izatt's actions on behalf of themselves and their fellow Stockholders and JCI's justifiable reliance on their actions, JCI has suffered substantial harm including, but not limited to, loss of the $5 million paid by JCI in connection with the SPA, and lost profits JCI could have reasonably expected to earn through its investment in Arxceo had the Projections been as warranted by Defendants.

## COUNT III – FRAUD
### (Davidson, Izatt)

75. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 74, *supra*, inclusive.

76. Subsequent to the execution of the SPA, in approximately April 2006, at a meeting that included approximately 20 representatives from JCI, CCT, and Arxceo in Englewood, Colorado, Defendants Izatt and Davidson stated to Frank Sanda and Marc Winn, JCI's designees on the Arxceo Board, that Arxceo could create a new product easily by porting its core network security products from the Linux operating system to the Windows operating system. This new product ultimately was to be called "Personal IPS." Izatt demonstrated a prototype of this product to Sanda on Izatt's personal computer and represented that Arxceo could have this product ready for sale on a mass production basis within two to four weeks.

77. All of the aforesaid statements were false when made, were made with knowledge that they were false or with reckless indifference to their truth, and were made by Davidson and Izatt with the intent of: (1) fraudulently inducing JCI over the following 18 months to increase its investment in Arxceo's business over and above the $2 million in capitalization provided in connection with the SPA, and (2) delaying JCI from bringing claims against the Defendants for breach of contract and fraudulent inducement.

78. JCI reasonably and justifiably relied upon the aforementioned representations by Davidson and Izatt by, among other things: (1) creating a new subsidiary corporation, Arxceo Japan, to market Personal IPS and other Arxceo products in Japan; (2) securing orders for thousands of units of Personal IPS from JCI customers; and (3) providing forecasting to JCI's investors and to regulatory officials of the Hercules Exchange in Japan, where JCI stock is reviewed by industry analysts and publicly traded.

79. As a result of Davidson and Izatt's actions, and JCI's justifiable reliance on their actions, JCI has suffered substantial harm including, but not limited to, lost profits and reputational harm with its existing customers, investors, regulatory officials, and industry analysts.

WHEREFORE, JCI respectfully requests the following relief:

(1) That JCI be awarded compensatory damages in an amount to be determined at trial;

(2) That the Defendants be ordered to pay to JCI pre-judgment and post-judgment interest;

(3) That the Defendants be ordered to pay JCI's costs and expenses, including attorneys' fees and costs; and

(4) Such other relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Thomas C. Grimm
_____
Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Nihon Tsushin Kabushiki Kaisha d/b/a Japan Communications, Inc.*

OF COUNSEL:

Jay D. Bennett
Paul J. Kaplan
Jonathan B. Davis
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
(404) 881-7000

October 9, 2007
1256720

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nihon Tsushin Kabushiki Kaisha
d/b/a Japan Communications, Inc.

**DEFENDANTS**
Donald Davidson, et al.,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Attorney Name Here, MORRIS, NICHOLS, ARSHT & TUNNELL LLP,
1201 North Market Street, P.O. Box 1347,
Wilmington, DE 19899-1347, (302) 658-9200

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(a)
Brief description of cause: Suit for breach of contract and fraud.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 10.9.07

SIGNATURE OF ATTORNEY OF RECORD
Thomas C. [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-619

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___10___ COPIES OF AO FORM 85.

___10/9/07___
(Date forms issued)

___[signature]___
(Signature of Party or their Representative)

___Scott Barber___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action