IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NIHON TSUSHIN KABUSHIKI KAISHA d/b/a JAPAN COMMUNICATIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-619-JJF |
| DONALD DAVIDSON. et al., | ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWERING BRIEF TO DEFENDANTS' MOTION TO
DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY OR TRANSFER**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com

*Attorneys for Nihon Tsushin Kabushiki Kaisha
d/b/a Japan Communications, Inc.*

OF COUNSEL:

Jay D. Bennett
Paul J. Kaplan
Jonathan B. Davis
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

Dated: December 17, 2007

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... iii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ................................ 1

SUMMARY OF ARGUMENT ................................................................................ 2

STATEMENT OF FACTS ..................................................................................... 3

ARGUMENT ....................................................................................................... 4

    A.    The "First-Filed Rule" Does Not Apply Because The Alabama Action Is Pending In State, Not Federal, Court. .......................... 4

    B.    This Case Lacks the "Exceptional Circumstances" Required to Support Application of the *Colorado River* Abstention Doctrine. ................................................................ 5

        1.    The Alabama Action Is Not A "Parallel" State Court Proceeding ........................................................... 6

        2.    The Factors Relevant To *Colorado River* Abstention Weigh Against Abstention. ........................... 7

            a.    Which Court First Exercised Jurisdiction Over *Res*, If Any. ............................................. 8

            b.    Inconvenience of the Federal Forum. .................. 9

            c.    Avoidance of Piecemeal Litigation. .................... 11

            d.    Which Court First Obtained Jurisdiction. ........... 12

            e.    Whether State or Federal Law Applies. ............... 13

            f.    Adequacy of Alabama Forum. ........................... 14

    C.    This Case Should Not Be Transferred To The Northern District Of Alabama, Because Defendants Have Failed To Show "That The Balance Of Interests Strongly Weighs In Favor Of Transfer" As Required Under 28 U.S.C. § 1404(a). ............................................................... 15

        1.    The "Private Factors" Do Not Favor Transfer. ............. 17

            a.    JCI's Choice of Forum. .................................... 17

b.    Defendants' Choice of Forum..............................................17

c.    Whether the Claims Arose Elsewhere. ..............................18

d.    Convenience of the Parties..................................................19

e.    Convenience of Witnesses. .................................................21

f.    Location of Books, Records.................................................22

2.    The "Public Factors" Do Not Support Transfer Of This Case.......................................................................................22

a.    Enforceability of the Judgment..........................................22

b.    Practical Considerations Regarding Ease, Speed, or Expense of Trial.................................................23

c.    Administrative Difficulty Due To Docket Congestion. ........................................................................23

d.    Local Interest In Deciding Local Disputes in Home Forum. ......................................................................24

e.    Public Policies of the Two Fora..........................................24

f.    Trial Judge's Familiarity With Applicable State Law. .............................................................................24

CONCLUSION.............................................................................................................25

TABLE OF AUTHORITIES

Page(s)

CASES

AAR International, Inc. v. Nimelias Enterprises, S.A.,
    250 F.3d 510 (7th Cir. 2001) ...................................................................... 10, 20-21

Affymetrix, Inc. v. Synteni, Inc.,
    28 F. Supp. 2d 192 (D. Del. 1998).................................................................... 21-23

APV N. Am. Inc. v. Sig Simonazzi N. Am. Inc.,
    295 F. Supp. 2d 393 (D. Del. 2002).................................................................. 15-16

Arris Sys., Inc. v. Nexploration Co.,
    No. 06-4094, 2006 WL 3196447 (E.D. Pa. Nov. 1, 2006) ...................................12

Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,
    800 F.2d 325 (2d Cir. 1986)...........................................................................9, 14

Cashedge, Inc. v. Yodlee, Inc.,
    No. 06-170 JJF, 2006 WL 2038504 (D. Del. Aug. 30, 2006) .................................16

Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,
    709 F.2d 190 (3d Cir. 1983)...............................................................................10

Colorado River Water Conservation District v. United States,
    424 U.S. 800 (1976)...................................................................................Passim

Continental Cas. Co. v. Am. Home Assurance Co.,
    61 F. Supp. 2d 128 (D. Del. 1999)..................................................................16, 22

County of Allegheny v. Frank Mashuda Co.,
    360 U.S. 185 (1959).............................................................................................6

Datex-Ohmeda, Inc. v. Hill-ROM Servs., Inc.,
    185 F. Supp. 2d 407 (D. Del. 2002)......................................................................16

Falco v. Alpha Affiliates, Inc.,
    1997 WL 782011 (D. Del. Dec. 10, 1997)............................................................23

First City Nat'l Bank & Trust Co. v. Simmons,
    878 F.2d 76 (2d Cir. 1989)....................................................................................4

Flint v. A.P. Desanno & Sons,
    234 F. Supp. 2d 506 (E.D. Pa. 2002) ...................................................................14

*Gary v. New Trier High School District*
 No. 203, 796 F.2d 940 (7th Cir. 1986)................................................................5

*Gen. Reinsurance Corp. v. CIBA-Geigy Corp.*,
 853 F.2d 78 (2d Cir. 1988)......................................................................8, 13

*Gubitosi v. Zegeye*,
 956 F. Supp. 339 (E.D. Pa. 1996) ...........................................................8, 12

*Hansen v. Neumueller GmbH*,
 163 F.R.D. 471 (D. Del. 1995) ......................................................................23

*Harris v. Pernsley*,
 755 F.2d 338 (3d Cir. 1985)......................................................................6, 11

*Hartford Life Ins. Co. v. Rosenfeld*,
 No. 05-5542, 2007 WL 2226014 (D.N.J. Aug. 1, 2007) .................................9

*Heller Fin., Inc. v. Midwhey Powder Co., Inc.*,
 883 F.2d 1286 (7th Cir. 1989) .......................................................................20

*IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*,
 438 F.3d 298 (3d Cir. 2006).......................................................................6, 8

*In re ML-Lee Acquisition Fund II, L.P.*,
 816 F. Supp. 973 (D. Del. 1993)...............................................................23-24

*Jumara v. State Farm Ins. Co.*,
 55 F.3d 873 (3d Cir. 1995).......................................................................*Passim*

*Kentucky W. Va. Gas Co. v. Penn. Pub. Util. Comm'n*,
 791 F.2d 1111 (3d Cir. 1986).........................................................................11

*Kytel Int'l Group, Inc. v. Rent-A-Center, Inc.*,
 No. 01-9354, 2002 WL 1791149 (2d Cir. Aug 5, 2002) ...................................4

*Laferty v. Riel*,
 495 F.3d 72 (3d Cir. 2007)..............................................................................15

*Leonard v. Educators Mut. Life Ins. Co.*,
 No. 04-5310, 2005 WL 104118 (E.D. Pa. May 5, 2005)...................................8

*Lumbermens Mut. Cas. Co. v. Connecticut Bank & Trust Co.*,
 806 F.2d 411 (2d Cir. 1986)............................................................................13

*McClellan v. Carland*,
 217 U.S. 268 (1910).........................................................................................6

*Millenco L.P. v. meVC Advisors, Inc.*,
   No. 02-142-JJF, 2002 WL 32061291 (D. Del. Aug. 29, 2002) ........................................ 16-17

*Morgan Stanley Dean Witter Reynolds, Inc. v. Gekas*,
   309 F. Supp. 2d 652 (M.D. Pa. 2004) .................................................................................8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983).............................................................................................*Passim*

*Omnicon Group, Inc. v. Employers Reinsurance Corp.*,
   No. 01-839-GMS, 2002 WL 109346 (D. Del. Jan. 28, 2002) ..................................................4

*ORIX Credit Alliance, Inc. v. Bell Realty, Inc.*,
   No. 93 CIV. 4949 (LAP), 1994 WL 86394 (S.D.N.Y. Mar. 16, 1994) ..................................11

*Plum Tree, Inc. v. Stockment*,
   488 F.2d 754 (3d Cir. 1973).............................................................................................20

*Res. Ventures Inc. v. Res. Mgmt. Int'l Inc.*,
   F. Supp. 2d 423 (D. Del. 1999).........................................................................................10

*Ryan v. Johnson*,
   115 F.3d 193 (3d Cir. 1997)................................................................................*Passim*

*Rycoline Prods., Inc. v. C&W Unlimited*,
   109 F.3d 883 (3d Cir. 1997)..............................................................................................8

*Sacody Techs., Inc. v. Avant, Inc.*,
   862 F. Supp. 1152 (S.D.N.Y. 1994)...............................................................................12, 15

*Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*,
   376 F. Supp. 2d 575 (D. Del. 2005)...................................................................................11

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22 (3d 1970).......................................................................................................17

*Sports Eye, Inc. v. Daily Racing Form, Inc.*,
   565 F. Supp. 634 (D. Del. 1983).......................................................................................24

*Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*,
   No. 04-360 JFF, 2005 WL 441077 (D. Del. Feb. 15, 2005)............................................ 21-22

*Ungrund v. Cunningham Bros., Inc.*,
   300 F. Supp. 270 (S.D. Ill. 1969)......................................................................................17

*United Air Lines v. United States*,
   192 F. Supp. 795 (D. Del. 1959).......................................................................................22

*Univ. of Maryland v. Peat Marwick Main & Co.*,
    923 F.2d 265 (3d Cir. 1991) ............................................................................................ 7-8

*Wise Invs., Inc. v. Bracy Contracting, Inc.*,
    No. 01-3458, 2001 WL 34368922 (E.D. Pa. Nov. 2, 2001) ......................................................5

**STATUTES**

28 U.S.C. § 1404(a) ............................................................................................2, 15, 23

**RULES**

Ala. R. Civ. Proc. 33 ............................................................................................13

Ala. R. Civ. Proc. 34(b) ............................................................................................13

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Nihon Tsushin Kabushiki Kaisha d/b/a Japan Communications, Inc. ("JCI") filed this suit against Defendants[1] on October 9, 2007, asserting claims for breach of contract and fraud in connection with JCI's investment in Arxceo Corporation ("Arxceo"). (D.I. 1.)  On August 29, 2007, four of the 49 Defendants here – RNR Ventures, LLC ("RNR"), Angus Adair Wolfgang, Inc. ("AAW"), Donald J. Davidson ("Davidson"), and J. Chandler Hall ("Hall") (collectively, the "Alabama Plaintiffs") – filed suit in the Circuit Court of Madison County, Alabama against JCI and five other defendants who are not parties to this suit, Communications Security and Compliance Technologies, Inc. ("CSCT"), Communications Technologies, Inc. ("CCT"), Frank Seiji Sanda ("Sanda"), J. Marc Winn ("Winn") and Arxceo, asserting individually and derivatively on behalf of Arxceo claims for breach of contract, breach of fiduciary duty and fraud (the "Alabama Action").

On November 30, 2007, Defendants filed their Motion to Dismiss or, in the Alternative, Motion to Stay or Transfer (the "Motion"), arguing: (1) that this case should be dismissed because the Alabama Action was the "first-filed"; (2) in the alternative, that this Court should abstain from exercising its jurisdiction under the *Colorado River* abstention doctrine; and

---

[1] The complete list of Defendants in this is as follows:  Donald Davidson ("Davidson"), David Izatt ("Izatt"), J. Chandler Hall ("Hall"), RNR Ventures, L.L.C. ("RNR"), Angus Adair Wolfgang, Inc. ("AAW"), HRC, LLC, Lioce Investments, LLC, Shatas Partners, Ltd., Bryan W. Butler, Jacalyn A. Butler, William McCary, Billie Joe McCary, Jean T. Moore, Margaret T. Moore, David S. Butler, John Jurenko, William Scott McCary, Todd J. Slyman, Franklin Street Investments, LLC, Brindlee Capital LLC, Heide Williams, David Nicolas, Mark Nicolas, James V. Balch, Alan L. Nordlinger, Forrest R. Hairston, Sr., Dixie D. Wolf, Michael W. Solley, Samuel P. McManus, Steven D. Marz, Anthony A. Gann, Gregory J. Clayton, J. Jeffrey Irons, Vicki C. Irons, City Light Capital, LLC, Louis K. Sisco, Jr., Gregory K. Gum, E. Wayne Bonner, Thomas M. Griggs, Dale B. Griggs, Webber Investments, John R. Coleman, Donna C. Coleman, Charles T. Houser, Prasada Kakani, Bhavani K.D. Kakani, Robert E. Thurber, Eleanor B. Thurber, and David J. Slyman, Jr.

(3) also in the alternative, that the Court should transfer this case to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a) and the doctrine of *forum non conveniens*. (D.I. 91, 92.)

## SUMMARY OF ARGUMENT

First, Defendants contend that this case should be dismissed under the "first-filed" rule because four of the 49 Defendants in this action had earlier filed the Alabama Action. This argument fails as a matter of law because the "first-filed" rule only applies when two parallel cases are ***both*** pending in ***federal*** courts of concurrent jurisdiction. The "first-filed" rule does not apply where, as here, one of the cases is pending in state court.

In the alternative, Defendants ask the Court to invoke the *Colorado River* abstention doctrine (although they do not reference it by name) established by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and to abstain from exercising jurisdiction over this case. In advancing this argument, Defendants fail to note that such abstention is an "extraordinary" remedy that may be applied only in "exceptional" circumstances and upon the "clearest of justifications." Further, Defendants ignore controlling authority, such as *Ryan v. Johnson*, 115 F.3d 193 (3d Cir. 1997), that contradicts their analysis of the various factors this Court is required to consider under *Colorado River*. When the Defendants' heavy burden is properly understood and governing law applied, it is clear that *Colorado River* abstention is inappropriate here.

Finally, and again in the alternative, Defendants argue that this case should be transferred to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a) and the doctrine of *forum non conveniens*. Particularly in light of (1) the deference due to JCI's choice of forum, (2) the Defendants' own irrevocable written consent to venue and jurisdiction in this Court, and (3) the fact that this case cannot be transferred to the state court where the Alabama Action is

pending and, thus, that transfer cannot eliminate supposedly duplicative litigation, Defendants cannot meet their burden of showing that the relevant interests weigh strongly in favor of transfer. As such, this argument must be rejected as well.

### STATEMENT OF FACTS

On or about February 28, 2006, JCI and Defendants entered into a Securities Purchase Agreement ("SPA") in which JCI purchased from the Defendants a 58% stake in Arxceo Corporation, an Alabama technology firm. (*See* Complaint, D.I. 1, at ¶¶ 1, 56.) The SPA calls for JCI to purchase the remaining 42% of Arxceo's stock over a two-year period, with the price to be determined by an "earn-out" provision. (*Id.* at ¶ 57.) A true and correct copy of the SPA is attached hereto as Exhibit A.

Section 18 of the SPA states that it shall be governed by Delaware law. (Exhibit A, p. 36.) Section 18 of the SPA further contains a forum selection provision that provides:

> ANY PROCEEDING AGAINST THE PARTIES RELATING IN ANY WAY TO THIS AGREEMENT MAY BE BROUGHT AND ENFORCED IN THE COURTS OF THE STATE OF DELAWARE OR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, TO THE EXTENT SUBJECT MATTER JURISDICTION EXISTS THEREFOR, AND THE PARTIES IRREVOCABLY SUBMIT TO THE JURISDICTION OF BOTH SUCH COURTS IN RESPECT OF ANY SUCH PROCEEDING. ***EACH OF THE PARTIES IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION THAT THEY MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY SUCH PROCEEDING IN THE COURTS OF THE STATE OF DELAWARE LOCATED IN NEW CASTLE COUNTY OR THE DISTRICT OF DELAWARE AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN ANY INCONVENIENT FORUM.***

(*Id.*, emphasis added.)

In this case, JCI alleges that it was fraudulently induced into entering the SPA by misrepresentations (1) made by Davidson to JCI at a meeting held in Englewood, Colorado in

December 2005, and (2) made by Davidson and Izatt, on behalf of all of Arxceo's shareholders, in the SPA itself. (*See* D.I. 1, ¶¶ 66-74.) Further, JCI alleges that it was fraudulently induced to increase its investment in Arxceo by misrepresentations made by Davidson and Izatt at a meeting held in Englewood, Colorado, in April 2006. (*See* D.I. 1, ¶¶ 75-79.) All of the actions taken by JCI in reliance on the misrepresentations made to it by Defendants were made in Tokyo, Japan. (*See id*. at ¶¶ 6, 73, 78.)

On August 29, 2007, four of the 49 Defendants in this action – RNR, AAW, Davidson, and Hall – filed their complaint against JCI, Sanda, Winn, CCT, CSCT and Arxceo in the Alabama Action. On October 9, 2007, JCI filed its Complaint in this case (D.I. 1) against Defendants.

## **ARGUMENT**

### A.    The "First-Filed Rule" Does Not Apply Because The Alabama Action Is Pending In State, Not Federal, Court.

Defendants' first argument is that Plaintiffs' complaint should be dismissed pursuant to the "first-filed" doctrine. (D.I. 92, pp. 3, 6-15.)

The "first-filed" rule, however, is of no help to Defendants here because the Alabama Action was filed and is pending in state court. The "first-filed" rule "applies ***only*** to related cases filed in different ***federal*** courts, [and] it ***is not applicable to the present situation where one action is pending in state court.***" *Omnicon Group, Inc. v. Employers Reinsurance Corp*., No. 01-839-GMS, 2002 WL 109346, at *2 (D. Del. Jan. 28, 2002) (emphasis added); *see also Kytel Int'l Group, Inc. v. Rent-A-Center, Inc*., No. 01-9354, 2002 WL 1791149, at *1 (2d Cir. Aug. 5, 2002) (holding that it was error for district court to dismiss federal suit under first-filed rule because concurrent action was pending in state court and rule only applies "when both suits are pending in federal court.") (citing *First City Nat'l Bank & Trust Co. v. Simmons*, 878

F.2d 76, 77, 79 (2d Cir. 1989)); *Wise Invs., Inc. v. Bracy Contracting, Inc.*, No. 01-3458, 2001 WL 34368922, at \*2 (E.D. Pa. Nov. 2, 2001) (stating that, except where proceedings are *in rem* or *quasi in rem*, first-filed rule does not apply where one case was filed "in a state court and the other in a federal court.").  *Cf. EEOC v. Univ. of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988) ("The first-filed rule encourages sound judicial administration and promotes comity among **federal courts** of equal rank.") (emphasis added).

Defendants ignore these authorities and instead seek to avoid them by claiming that, because this is a diversity case, the Delaware state law version of the "first-filed" rule applies.  (D.I. 92, p. 6, n.8.)  However, Defendants cannot cite a single case to support this assertion.  This failure is not surprising, since it is axiomatic that state law cannot be used "to limit the jurisdiction of the federal courts," *Gary v. New Trier High School District No. 203*, 796 F.2d 940, 945 (7th Cir. 1986) – which is precisely what Defendants are attempting here. Defendants' "first-filed" argument thus fails as a matter of law.

> **B.    This Case Lacks the "Exceptional Circumstances" Required to Support Application of the *Colorado River* Abstention Doctrine.**

Defendants next argue that the Court should abstain under *Colorado River* from exercising jurisdiction over this case.  (D.I. 92, pp. 3, 15-20.)  However, this argument can acquire even a veneer of plausibility only if, as Defendants have done here, the "extraordinary" and "exceptional" burden that they must carry for *Colorado River* abstention to apply is completely ignored.

"It is axiomatic that federal courts have a 'virtually unflagging obligation… to exercise the jurisdiction given them' by Congress."  *Ryan*, 115 F.3d at 195 (quoting *Colorado River*, 424 U.S. at 817).  Thus, "[t]he basic rule has always been that the pendency of a state court proceeding is not a reason for a federal court to decline to exercise jurisdiction established

by Congress." *Harris v. Pernsley*, 755 F.2d 338, 345 (3d Cir. 1985) (citing *McClellan v. Carland*, 217 U.S. 268, 281-82 (1910)).

"'The doctrine of abstention, under which a District Court may decline or postpone the exercise of its jurisdiction, is an *extraordinary* and *narrow* exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Colorado River*, 424 U.S. at 813 (emphasis added; quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). "[I]n *Colorado River*, the Supreme Court recognized that there are certain *extremely limited* circumstances in which a federal court may defer to pending state court proceedings based on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Ryan*, 115 F.3d at 195 (emphasis added; quoting *Colorado River*, 424 U.S. at 817). Where, as here, a party seeks to invoke the *Colorado River* abstention doctrine, a court's "task . . . is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain *whether there exist 'exceptional' circumstances, the 'clearest of justifications,'* that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983) (emphasis in bold added).

As discussed below, Defendants cannot satisfy this burden. Thus, their request for abstention must be denied.

### 1.    The Alabama Action Is Not A "Parallel" State Court Proceeding

"The threshold requirement for a district court to even entertain abstention is a parallel judicial proceeding." *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006). Defendants' claim that this case and the Alabama Action are "parallel"

rests on the overlap between the claims asserted by JCI here and those contained in the Counterclaim filed in the Alabama Action.  (D.I. 92, p. 19.)

However, Defendants fail to note that the Counterclaim was asserted only provisionally, pending determination of whether the Alabama court has personal jurisdiction over JCI. (D.I. 92, Exhibit C, p. 20.)   That issue is currently pending before the court in the Alabama Action.  JCI expects that court to rule in its favor, which would destroy any parallelism between this case and the Alabama Action.  *See Univ. of Maryland v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 n.16 (3d Cir. 1991) ("[W]e observe that there can be no possible basis for abstaining if the state court to which the federal court defers lacks jurisdiction over the claim.  If [federal case plaintiffs'] claims are not subject to review in a state forum, there can be no 'parallel' state court litigation on the basis of which a federal court could exercise *Colorado River* abstention.").

### 2.    The Factors Relevant To *Colorado River* Abstention Weigh Against Abstention.

Even if the Court were to conclude that the Alabama Action is "parallel" to this one, the Court must then determine whether the "exceptional" circumstances necessary for *Colorado River* abstention to apply are present.  This analysis requires the Court to evaluate six factors:

1.    Which court first assumed jurisdiction over a relevant *res*, if any;

2.    Whether the federal forum is inconvenient;

3.    Whether abstention would aid in avoiding piecemeal litigation;

4.    Which court first obtained jurisdiction;

5.    Whether federal or state law applies; and

6.    Whether the state action is sufficient to protect the federal plaintiff's rights.

*IFC Interconsult*, 438 F.3d at 307, n.4 (citing *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, ***with the balance heavily weighted in favor of the exercise of jurisdiction***." *Moses*, 460 U.S. at 16 (emphasis added).

### a. Which Court First Exercised Jurisdiction Over *Res*, If Any.

The first factor under *Colorado River* considers which court first exercised jurisdiction over a relevant *res*. Contrary to Defendants' assertions, this factor does not hinge on the location of property that may be relevant to the dispute, (D.I. 92, p. 18), but instead on whether the court has *in rem* jurisdiction. *See, e.g., Morgan Stanley Dean Witter Reynolds, Inc. v. Gekas*, 309 F. Supp. 2d 652, 657 (M.D. Pa. 2004) ("[B]ecause this is a matter in personam rather in rem, *Colorado River's* first factor does not apply."); *Leonard v. Educators Mut. Life Ins. Co.*, No. 04-5310, 2005 WL 104118, at *5 (E.D. Pa. May 5, 2005) (finding first abstention factor not satisfied "because there is no dispute over *in rem* jurisdiction or property rights"). Given that the plaintiffs in both this case and the Alabama Action are seeking only money damages and not the possession or control of specific property, neither court has exercised jurisdiction over a *res*. *See Gubitosi v. Zegeye*, 956 F. Supp. 339, 343-44 (E.D. Pa. 1996) ("In this case, there is no res over which the court needs to assume jurisdiction; plaintiffs have asked for monetary damages."); *see also Peat Marwick*, 923 F.2d at 276 (holding that first factor was not satisfied because where both suits sought money damages, "there [was] no theoretical obstacle to both actions proceeding independently," and thus first factor was not satisfied). As such, this factor weighs against abstention. *See also Gen. Reinsurance Corp. v. CIBA-Geigy Corp.*, 853 F.2d 78, 81 (2d Cir. 1988) ("[N]either court had jurisdiction over res or property, a

- 8 -

fact that 'militate[s] against dismissal' of the federal suit.") (quoting *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327-28 (2d Cir. 1986)); *Hartford Life Ins. Co. v. Rosenfeld*, No. 05-5542, 2007 WL 2226014, at *7 (D.N.J. Aug. 1, 2007) ("[T]he presence of a neutral factor weighs against abstention.").

      **b.**      **<u>Inconvenience of the Federal Forum.</u>**

      The second factor is the inconvenience of the federal forum, about which Defendants make much ado.   (D.I. 92, pp 16-17.)   Defendants' protests are completely disingenuous, given that in the SPA, Defendants expressly and "irrevocably waive[d]" their right to contend that this Court is an inconvenient forum:

> ANY PROCEEDING AGAINST THE PARTIES RELATING IN ANY WAY TO THIS AGREEMENT MAY BE BROUGHT AND ENFORCED IN THE COURTS OF THE STATE OF DELAWARE OR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, TO THE EXTENT SUBJECT MATTER JURISDICTION EXISTS THEREFOR, AND THE PARTIES IRREVOCABLY SUBMIT TO THE JURISDICTION OF BOTH SUCH COURTS IN RESPECT OF ANY SUCH PROCEEDING.  **<u>EACH OF THE PARTIES IRREVOCABLY WAIVE</u>, TO THE FULLEST EXTENT PERMITTED BY LAW, <u>ANY OBJECTION THAT THEY MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE</u> OF ANY SUCH PROCEEDING IN THE COURTS OF THE STATE OF DELAWARE LOCATED IN NEW CASTLE COUNTY OR THE <u>DISTRICT OF DELAWARE</u> AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN ANY <u>INCONVENIENT FORUM</u>**.

(Exhibit A, p. 36.)

      This provision is clearly binding on Defendants:

> In federal courts, "the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." The United States Court of Appeals for the Third Circuit has established a general rule to test the validity of a forum selection clause. Under this general rule, *a forum selection clause is presumptively valid and enforceable* by the forum *unless* the *objecting party* establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong policy of the forum, or (3) that enforcement would in the particular

circumstances of the case result in litigation in a jurisdiction so seriously
inconvenient as to be unreasonable.

*Res. Ventures Inc. v. Res. Mgmt. Int'l Inc.*, F. Supp. 2d 423, 431-32 (D. Del. 1999) (emphasis
added) (citing *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 877 (3d Cir.1995) and *Coastal Steel
Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 202 (3d Cir. 1983)).  Defendants offer no
argument that Section 18 of the SPA is invalid.

  Although the effect of forum selection provisions is more commonly applied in
the forum *non conveniens* context,[2] courts are equally required to give such provisions effect
when applying *Colorado River*.  In *AAR International, Inc. v. Nimelias Enterprises, S.A.*, 250
F.3d 510, 523 (7th Cir. 2001), for example, the Seventh Circuit held that the district court
committed reversible error when, in evaluating *Colorado River*'s second factor, it failed to
consider a permissive forum selection provision that, like the one contained in the SPA, also
contained an express waiver of the right to argue that suit brought in the selected forum was
inconvenient.  To hold otherwise here would completely rewrite the SPA and remove from it an
express provision of uncontested validity:

> The second factor, inconvenience of the federal forum, is also easily
> appraised.  By virtue of their assent to the forum selection clauses
> designating New York as the exclusive forum for litigation, ***defendants
> have waived any right to have the court consider the inconvenience to
> them of litigating here.***  Defendants argue from the plaintiff's perspective
> that it would not be inconvenient for [the Plaintiff] to litigate in
> Pennsylvania, but, even if true, that fact is without consequence.
> Presumably, [the Plaintiff] had reasons for including the forum selection
> clauses in the Note and guarantee provisions.  Absent good cause to
> invalidate those provisions, the Court will not deprive [the Plaintiff] of
> their benefit, which is what abstention here would do.  To the extent
> convenience figures into the calculus, therefore, it figures against
> abstention.

---

[2] *See, e.g.*, cases cited at pp. 21-22, *infra*.

*ORIX Credit Alliance, Inc. v. Bell Realty, Inc*., No. 93 CIV. 4949 (LAP), 1994 WL 86394, at *3 (S.D.N.Y. Mar. 16, 1994)). Thus, this factor weighs against abstention as well.

### c.    Avoidance of Piecemeal Litigation.

"The mere possibility of piecemeal litigation is inadequate to invoke the abstention doctrine." *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd*., 376 F. Supp. 2d 575, 578 (D. Del. 2005) (citing *Ryan*, 115 F.3d at 198-99). In *Ryan*, the court clarified Third Circuit law regarding this factor and made clear that "the 'avoidance of piecemeal litigation' factor is met … ***only*** when there is evidence of a strong federal policy that all such claims should be tried in the state courts." *Ryan*, 115 F.3d at 197-98 (emphasis added) (citing *Kentucky W. Va. Gas Co. v. Penn. Pub. Util. Comm'n*, 791 F.2d 1111, 1118 (3d Cir. 1986)); *see also Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 172 (3d Cir. 1999) ("*Ryan* represents the applicable law under Third Circuit and Supreme Court precedent."). "[T]here must be a strongly articulated *congressional policy* against piecemeal litigation ***in the specific context of the case under review*.*" *Ryan*, 115 F.3d at 198 (emphasis in bold added) (citing *Colorado River*, 424 U.S. 819)); *see also Harris v. Pernsley*, 755 F.2d 338, 345 (3d Cir. 1985) ("The Supreme Court has recognized a narrow exception to the basic rule, where it has been able to identify, ***in other Congressional legislation***, a tempering of the policy of enforcing a plaintiff's choice of federal forum in favor of a policy of avoiding duplicative and inconvenient litigation.") (emphasis added).

Here, Defendants have not identified "a strongly articulated congressional policy in the specific context" of this case. Instead, Defendants ignore the Third Circuit's holdings in *Ryan* and *Spring City* and argue that this factor is met merely because the state law claims raised here are duplicative of those asserted the Alabama Action. (D.I. 92, p. 17.) However, *Ryan* specifically foreclosed such an argument: "The presence of garden-variety state law issues has

not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts." *Ryan,* 115 F.3d at 198. As such, this factor must weigh against abstention as well.

### d.    Which Court First Obtained Jurisdiction.

"This factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses,* 460 U.S. at 21. In order to accord this factor any weight, courts usually require that substantially more progress be made in one action. *See, e.g., Arris Sys., Inc. v. Nexploration Co.*, No. 06-4094, 2006 WL 3196447, at *2 (E.D. Pa. Nov. 1, 2006) (finding fourth factor only "weighs slightly in favor of abstention" because, "[a]lthough it is true that the state court proceeding preceded the federal proceeding, the state court action is still in its nascent stages."); *Leonard*, 2005 WL 1041188, at *5 ("[B]ecause [the Defendant] has failed to show that the state proceedings have progressed substantially further than the federal proceedings, the mere fact that the state case was filed first does not weigh heavily in favor of *Colorado River* abstention."); *Gubitosi*, 946 F. Supp. at 344 (finding "first-filed" factor did not favor abstention where there was no showing "that significant progress ha[d] been made" in state court proceeding); *Sacody Techs., Inc. v. Avant, Inc.*, 862 F. Supp. 1152, 1159 (S.D.N.Y. 1994) ("[N]either party has informed this Court that substantial discovery or substantial further proceedings have occurred in the [state court case]. As a result, this factor does not favor dismissal."); *Robinson v. Ruiz*, 772 F. Supp. 212, 216 (D. Del. 1991) (holding that "first-filed" factor did "not weigh heavily in favor of" abstention because "significant progress [had] been made in both proceedings, with each case progressing along parallel tracks.").

Here, the most that Defendants can say is that "[d]iscovery is underway in the Alabama Action." (D.I. 92, p. 18.) Even this overstates the case. It is true that the Alabama Plaintiffs have served written discovery on all of the defendants to the Alabama Action. However, they still have yet to properly effectuate service of process upon JCI or its CEO, Frank Sanda, and thus the Alabama Plaintiffs written requests were plainly premature as to those two defendants. *See* Ala. R. Civ. Proc. 33 ("Interrogatories may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party."); Ala. R. Civ. Proc. 34(b) ("The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party."). While the Alabama Plaintiffs have requested deposition dates for defendants Sanda and Winn, no depositions have been scheduled or taken (and, with respect to Sanda, none will be taken unless and until he is properly served). Finally, none of the defendants in the Alabama Action has served any discovery, written or otherwise, on the Alabama Plaintiffs. Such limited progress is insufficient for this factor to weigh in favor of abstention. *See Gen. Reinsurance*, 853 F.2d at 82 (holding that district court properly attached no weight to earlier filing date because only "limited discovery" had been conducted in first-filed action, making "the claimed 'considerable progress' 'strictly illusory.'") (quoting *Lumbermens Mut. Cas. Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 415 (2d Cir. 1986)).

### e.        Whether State or Federal Law Applies.

There is no dispute that Delaware law controls this case. (D.I. 92 at 12 ("The [SPA] provides that Delaware law is to be applied to any dispute between and among JCI and the Delaware Defendants.")). "[W]hile the presence of federal issues militates against abstention, the converse cannot be said; abstention cannot be justified merely because a case arises entirely

under state law." *Ryan*, 115 F.3d at 199 (citing *Moses*, 460 U.S. at 26); *see also Flint v. A.P. Desanno & Sons*, 234 F. Supp. 2d 506, 514 (E.D. Pa. 2002) ("Federal jurisdiction is often invoked under the diversity statute, requiring federal courts routinely to interpret issues entirely within the realm of state law.  Accordingly, this factor does not weigh in favor of abstention."). "Although it is possible that some case could involve a skein of state law so intricate and unsettled that resolution in the state courts might be more appropriate," *id.*, this is not such a case.  By Defendants' own admission, "this is an ordinary dispute related to a contract – the [SPA] – and circumstances arising [from] and related to the contract." (D.I. 92, pp. 12-13.)  As such, this factor must weigh against abstention as well.

### f.    Adequacy of Alabama Forum.

As noted above, it is far from certain that the Circuit Court of Madison County can exercise personal jurisdiction over JCI and/or all of the Defendants in this action, and thus the adequacy of that court as a forum for this action is in question.  Even assuming that the Alabama court does provide an adequate forum, however, this factor would not weigh in favor of abstention.  "[T]he mere fact that the state forum is adequate does not counsel in favor of abstention, given the heavy presumption the Supreme Court has enunciated in favor of exercising federal jurisdiction.  Instead, this factor is normally relevant only when the state forum is *in* adequate." *Ryan*, 115 F.3d at 200.  "When the state court is adequate . . . the factor carries little weight." *Id.* (citing *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986)).

In summary, once the nature of Defendants' heavy burden is properly considered, and controlling law properly applied in evaluating the relevant *Colorado River* factors, it is simply beyond dispute that abstention would be inappropriate here:

No more can be said in favor of dismissal here than that there is underway a parallel state proceeding in which the federal diversity plaintiff's state law claims may be adequately adjudicated. However, this Court's "task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction …; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *[Moses]*, 460 U.S. at 25-26, 103 S.Ct. at 941-43. There is nothing exceptional about this case. Defendants' motion for a dismissal pursuant to the *Colorado River* doctrine is therefore denied.

*Sacody*, 862 F. Supp. at 1159.

**C.    This Case Should Not Be Transferred To The Northern District Of Alabama, Because Defendants Have Failed To Show "That The Balance Of Interests Strongly Weighs In Favor Of Transfer" As Required Under 28 U.S.C. § 1404(a).**

Defendants' final argument, that even if neither the "first-filed" rule nor the *Colorado River* abstention doctrine apply, the Court should transfer this case "to the District Court for the Northern District of Alabama" pursuant to 28 U.S.C. § 1404(a) and the doctrine of *forum non coveniens* (D.I. 92, p. 20.), must fail as well.

The doctrine of *forum non conveniens* is codified at 28 U.S.C. § 1404(a). *See Laferty v. Riel*, 495 F.3d 72, 79 (3d Cir. 2007). That statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

"In adjudicating a Section 1404 motion, courts consider both the public and private interests." *APV N. Am.*, 295 F. Supp. 2d at 398. The six "private factors" to be considered are:

(1) the plaintiff's forum preference as evidenced by his or her original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial condition, (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (6) the location of the books and

records, to the extent that the books and records could not be produced in a certain forum.

*Cashedge, Inc. v. Yodlee, Inc.*, No. 06-170 JJF, 2006 WL 2038504, *1 (D. Del. Aug. 30, 2006)

(citing *Jumara*, 55 F.3d at 879). The six "public factors" a court should consider are:

> (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases.

*APV N. Am. Inc. v. Sig Simonazzi N. Am. Inc.*, 295 F. Supp. 2d 393, 398 (D. Del. 2002).

"When determining whether or not transfer is warranted in the circumstances presented, district courts must balance all of the relevant factors and respect that a plaintiff's choice of forum is entitled to substantial deference and should not be lightly disturbed when it is due to legitimate, rational concerns." *Millenco L.P. v. meVC Advisors, Inc.*, No. 02-142-JJF, 2002 WL 32061291, at *1 (D. Del. Aug. 29, 2002) (citing *Jumara*, 55 F.3d at 883). "The burden is upon the movant to establish that the balance of interests strongly weighs in favor of transfer, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer." *Datex-Ohmeda, Inc. v. Hill-ROM Servs., Inc.*, 185 F. Supp. 2d 407, 412 (D. Del. 2002) (citing *Continental Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999).

As shown below, Defendants have failed "to establish that the balance of interests strongly weighs in favor of transfer." As such, their request to transfer this case to the Northern District of Alabama should be denied.

1.   **The "Private Factors" Do Not Favor Transfer.**

a.   **JCI's Choice of Forum.**

Obviously, JCI has chosen the District of Delaware as the forum for this action. "It is black letter law that a plaintiff's choice of a proper forum is a ***paramount*** consideration in any determination of a transfer request, and that choice 'should not be lightly disturbed.'" *Shutte v. Armco Steel Corp*., 431 F.2d 22, 25 (3d 1970) (emphasis added) (quoting *Ungrund v. Cunningham Bros., Inc*., 300 F. Supp. 270, 272 (S.D. Ill. 1969)).

Moreover, JCI's selection of this Court as the forum for this case was based upon "legitimate, rational concerns." *Millenco*, 2002 WL 32061291, at *1. JCI could not bring this case on its "home turf" of Tokyo, Japan, because it would not have been able to establish personal jurisdiction over the Defendants there. Further, given that the almost 50 Defendants named in this action include residents of California, Virginia, Florida and Delaware, JCI could not be certain that it could establish personal jurisdiction in Alabama over all of the Defendants in this case. But pursuant to Section 18 (the forum-selection provision) of the SPA, JCI *was* assured that it could establish jurisdiction and venue as to each of the Defendants in *this* Court. (*See* Exhibit A, p. 36.) Certainly, the desire to ensure personal jurisdiction over each of the Defendants against whom JCI has a claim constitutes a "legitimate, rational concern." As such, this factor weighs strongly against transfer.

b.   **Defendants' Choice of Forum.**

Defendants have, through their Motion, expressed a preference for the Northern District of Alabama to serve the forum for this case. However, any weight afforded Defendants' current choice of forum must yield to Defendants' "irrevocable," written consent to jurisdiction and venue in this Court under the SPA's forum-selection clause. *See Jumara*, 55 F.3d at 882

(stating that courts "should place considerable weight on the parties' original choice of forum, as expressed in a contractual forum selection clause.").

### c.    Whether the Claims Arose Elsewhere.

JCI does not dispute that the claims it has asserted here did not arise in Delaware. There is, however, a vast and unbridgeable gap between this admission and Defendants' contention that the claims arose in Madison County, Alabama merely because that is Arxceo's principal place of business.  (D.I. 92, p. 22.)

In Count II of JCI's Complaint, for example, JCI alleges that Defendant Don Davidson made numerous false statements to JCI when the parties met in ***Englewood, Colorado***:

> At a meeting in approximately December 2005 ***at the Inverness Hotel and Conference Center in Englewood, Colorado***, between Davidson, acting both individually and in his capacity as a representative of the other Defendants; Frank Sanda, JCI's CEO; and Marc Winn, COO of a JCI subsidiary, Computer and Communications Technologies, Inc.; Davidson made the following false and material statements with the intent of inducing JCI to enter into the SPA and with knowledge that said statements were false or with reckless indifference to their truth.
>
> (a)    that Arxceo had two products, the IP-100 and the IP-1000, which were fully developed and were ready to market;
>
> (b)    that Arxceo had a network of 26 distributors and resellers ready, willing and able to sell the products in their current form;
>
> (c)    that Davidson had secured commitments from BellSouth and two of BellSouth's suppliers to purchase large quantities of Arxceo's two products; and
>
> (d)    that the working capital necessary for Arxceo to build its business to a point at which its revenues and gross profits would be sufficient to sustain the Company without need for additional investment was $2 million or less.

(D.I. 1, ¶ 68 (emphasis added).)

Similarly, the fraudulent misrepresentations at issue in Count III of JCI's Complaint were made in Colorado, not Alabama:

Subsequent to the execution of the SPA, in approximately April 2006, at a meeting that included approximately 20 representatives from JCI, CCT, and Arxceo **in Englewood, Colorado,** Defendants Izatt and Davidson stated to Frank Sanda and Marc Winn, JCI's designees on the Arxceo Board, that Arxceo could create a new product easily by porting its core network security products from the Linux operating system to the Windows operating system. This new product ultimately was to be called "Personal IPS." Izatt demonstrated a prototype of this product to Sanda on Izatt's personal computer and represented that Arxceo could have this product ready for sale on a mass production basis within two to four weeks.

(D.I. 1, ¶ 76 (emphasis added).)

Moreover, JCI's actions in reliance upon these fraudulent representations were made in Japan, where JCI is headquartered. With respect to Count III, for example, JCI relied upon the misrepresentations made by Defendants Izatt and Davidson by, *inter alia*: "(1) creating a new subsidiary corporation, **Arxceo Japan**, to market Personal IPS and other Arxceo products **in Japan**; (2) securing orders for thousands of units of Personal IPS from JCI customers; and (3) providing forecasting to JCI's investors and to regulatory officials of the Hercules Exchange **in Japan**, where JCI stock is reviewed by industry analysts and publicly traded." (D.I. 1, ¶ 78.)

In short, most of the operative facts giving rise to JCI's claims in this action did not take place in Alabama. Thus, while JCI's claims did not arise in Delaware, they also did not arise in Alabama. As such, this factor cannot weigh in favor of transfer.

### d.     Convenience of the Parties.

Defendants argue strenuously that the Northern District of Alabama is a more convenient forum for the parties. (D.I. 92, pp. 22-23.) In so arguing, however, Defendants flatly ignore the existence of the forum-selection provision found in Section 18 of the SPA, the validity of which Defendants have not contested and under which Defendants expressly and irrevocably waived their right to argue that venue in this Court is inconvenient:

> ANY PROCEEDING AGAINST THE PARTIES RELATING IN ANY WAY TO THIS AGREEMENT MAY BE BROUGHT AND ENFORCED IN THE COURTS OF THE STATE OF DELAWARE OR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, TO THE EXTENT SUBJECT MATTER JURISDICTION EXISTS THEREFOR, AND THE PARTIES IRREVOCABLY SUBMIT TO THE JURISDICTION OF BOTH SUCH COURTS IN RESPECT OF ANY SUCH PROCEEDING.  **EACH OF THE PARTIES IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION THAT THEY MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY SUCH PROCEEDING IN THE COURTS OF THE STATE OF DELAWARE LOCATED IN NEW CASTLE COUNTY OR THE DISTRICT OF DELAWARE AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN ANY INCONVENIENT FORUM**.

(Exhibit A, p. 36.)

"A valid forum-selection agreement may be treated as a waiver by the moving party of its right to assert its own convenience as a factor favoring a transfer from the agreed upon forum . . . "  *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 758, n.7 (3d Cir. 1973); *see also Jumara,* 55 F.3d at 880 ("[A] forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum" and, "[a]lthough the parties' agreement as to the most proper forum should not receive dispositive weight, it is entitled to substantial consideration.") (internal citations omitted); *Heller Fin., Inc. v. Midwhey Powder Co., Inc*., 883 F.2d 1286, 1293 (7th Cir. 1989) ("By virtue of the forum selection clause, Midwhey has waived the right to assert its own inconvenience as a reason to transfer the case.").  To the extent that Defendants contend that the forum selection clause is not binding because it is permissive rather than mandatory, such argument is foreclosed by the Seventh Circuit's holding in *AAR International*:

> [I]n this case, we have more than merely a permissive forum selection clause; we have such a clause plus unambiguous language providing that the lessee shall not object to venue in [a Delaware] state or federal court on the ground that such a court is an inconvenient forum.  We have held that by agreeing to a mandatory forum selection agreement, a party waives objections to venue in the chosen forum on the basis of cost or

inconvenience to itself. It would seem incongruous to conclude that a party does not similarly waive such objections when he agrees to a permissive forum selection clause which specifically provides for the waiver of convenience-based objections to suits brought in a particular venue.

250 F.3d 525-26 (emphasis added; internal cits. omitted). Thus, the "convenience of the parties"

factor cannot support Defendants' proposed transfer.

### e.    Convenience of Witnesses.

The next factor under *Jumara* requires this Court to consider "the convenience of

the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in

one of the fora." 55 F.3d at 879. "[P]arty witnesses or witnesses who are employed by [the

parties] carry no weight in the 'balance of convenience' analysis since each party is able to

procure the attendance of its own employees." *Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*,

No. 04-360 JFF, 2005 WL 441077, at *3 (D. Del. Feb. 15, 2005) (citing *Affymetrix, Inc. v.

Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998)).

The only witness specifically identified by Defendants that they claim would not

be subject to compulsory process is Defendant David Izatt. (D.I. 92, p. 23.) Defendants rest this

contention solely upon a separate Motion to Dismiss (D.I. 89, 90), which argues that this Court

lacks personal jurisdiction over Izatt. However, as shown in JCI's Answering Brief to that

Motion, incorporated by reference herein, Izatt *is* subject to personal jurisdiction in this Court

and thus is a proper party to this action. The convenience of this forum to Izatt is, therefore,

irrelevant. *See Trilegiant*, 2005 WL 441077, at *3.

Additionally, Defendants make vague allusions to, but do not identify, other

hypothetical non-party witnesses who supposedly would not be subject to compulsory process in

this Court. (D.I. 92, p. 23.) "Given the complete lack of specificity with which these witnesses

were identified and the absence of 'adequate information with respect to the content and

materiality' of their testimony, the Court has no other choice but to discount them in its weighing test." *Affymetrix*, 28 F. Supp. 2d at 205 (quoting *United Air Lines v. United States*, 192 F. Supp. 795, 796 (D. Del. 1959)).

### f.    Location of Books, Records.

Under *Jumara*, the relevance of "the location of books and records" is "limited to the extent that the files could not be produced" here in Delaware. 55 F.3d at 879. "[A]lthough [Defendants] contend[] that the books and records necessary to litigate this action are in [Alabama], [Defendants] do[] not contend that they could not be produced or would be unavailable in Delaware. Therefore, I do not consider the location of the books and records as weighing in favor of a transfer to [Alabama]." *Trilegiant*, 2005 WL 441077, at *2 (citing *Jumara*, 55 F.3d at 879).

### 2.    The "Public Factors" Do Not Support Transfer Of This Case.

### a.    Enforceability of the Judgment.

Defendants contend that any judgment entered by this Court and the Alabama court "will be equally enforceable." (D.I. 92, p. 23.) Given the questions surrounding the Alabama court's ability to exercise personal jurisdiction over JCI and the non-Alabama Defendants, this is, at the very least, a debatable proposition. Even assuming that Defendants are correct, however, this factor would not weigh in favor of transfer because Defendants have not identified any potential difficulties associated with enforcement of a judgment from this Court. *See Continental Cas.*, 61 F. Supp. 2d at 132 (assigning no weight to this factor where there was no question as to enforceability of judgment).

b.    **Practical Considerations Regarding Ease, Speed, or Expense of Trial.**

The only "practical considerations" relating to this factor identified by Defendants are completely duplicative of their "convenience" arguments under the private factors discussed above:  "Unquestionably, conducting discovery, obtaining sources of proof, deposing parties and witnesses, and ultimately trying the case will be much more expeditiously and inexpensively done in Alabama where almost all of the Alabama Defendants reside."  (D.I. 92, p. 23.)  The merits of these considerations have already been addressed above and, thus, should not be considered again under this factor.  *See Affyrmetrix*, 28 F. Supp. 2d at 205 ("[T]he Court will not discuss these considerations here since, in so doing, it would double-count these factors, throwing off the 'balance of convenience.'")

JCI does note, however, that the interests of judicial economy will not be served by a transfer, because, under Section 1404(a), this case cannot be transferred to the Alabama *state* court in which the Alabama Action is pending.  "Therefore, it will not be possible for one court to preside over the entire controversy."  *In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 978 (D. Del. 1993).

c.    **Administrative Difficulty Due To Docket Congestion.**

Defendants have provided no evidence regarding the relative docket congestion or the speed with which cases are processed in either this Court or the Northern District of Alabama.  Thus, "[n]o consideration will be given to this factor because of the absence of affidavit support."  *Falco v. Alpha Affiliates, Inc.*, 1997 WL 782011, at *4 (D. Del. Dec. 10, 1997) (citing *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995).

> **d.    Local Interest In Deciding Local Disputes
> in Home Forum.**

As discussed above, most of the operative acts underpinning JCI's claims took place in Colorado and Japan. As such, this case cannot be considered a "local" Alabama dispute. Given that Alabama law also will not govern these claims, Alabama has, at best, a minimal interest in deciding this case.

> **e.    Public Policies of the Two Fora.**

As noted above, there is no dispute that Delaware law controls this dispute. (D.I. 92 at 12 ("The [SPA] provides that Delaware law is to be applied to any dispute between and among JCI and the Delaware Defendants.").) "The courts in this district have stated that it is preferable for the court of the state whose substantive law controls to hear the case." *ML-Lee*, 816 F. Supp. at 979 (citing *Sports Eye, Inc. v. Daily Racing Form, Inc.*, 565 F. Supp. 634, 639 (D. Del. 1983)). "Thus, to the extent that [JCI's Complaint] asserts state law claims, the interests of justice also weigh in favor of the Court maintaining the action in Delaware." *Id.*

> **f.    Trial    Judge's    Familiarity    With
> Applicable State Law.**

Again, there is no dispute that Delaware law controls this dispute. It goes without saying that this Court, sitting in Delaware, will be more familiar with Delaware law than a judge sitting in the Northern District of Alabama.

## CONCLUSION

For all the reasons set forth above, JCI respectfully submits that Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay or Transfer (D.I. 91 and 92) should be DENIED.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*
_____

Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com

*Attorneys for Nihon Tsushin Kabushiki Kaisha d/b/a Japan Communications, Inc.*

OF COUNSEL:

Jay D. Bennett
Paul J. Kaplan
Jonathan B. Davis
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
(404) 881-7000

Dated:  December 17, 2007
1337076

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on December 17, 2007 upon the following individuals in the manner indicated:

**BY E-MAIL & HAND DELIVERY**

Donald J. Detweiler
Dennis A. Meloro
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801

**BY E-MAIL**

G. Bartley Loftin, III
Douglas B. Hargett
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street, S.W.
Huntsville, AL  35801

W. Percy Badham, III
Will A. Smith
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)
tgrimm@mnat.com