IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NIHON TSUSHIN KABUSHIKI KAISHA d/b/a JAPAN COMMUNICATIONS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-619 JJF |
| | : | |
| DONALD DAVIDSON, et al., | : | |
| | : | |
| Defendants. | : | |

Jay D. Bennett, Esquire, Paul J. Kaplan, Esquire, and Jonathan B. Davis, Esquire of ALSTON & BIRD, LLP of Atlanta, Georgia. Thomas C. Grimm, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP of Wilmington, Delaware.

Counsel for Plaintiff.

G. Bartley Loftin, III, Esquire and Douglas B. Hargett, Esquire of MAYNARD, COOPER & GALE, P.C. of Huntsville, Alabama. W. Percy Badham, III, Esquire and Will A. Smith, Esquire of MAYNARD, COOPER & GALE, P.C. of Birmingham, Alabama. Donald J. Detweiler, Esquire and Dennis A. Meloro, Esquire of GREENBERG TRAURIG, LLP of Wilmington, Delaware.

Counsel for Defendant.

**MEMORANDUM OPINION**

February 3, 2009
Wilmington, Delaware.

Farnan, District Judge

Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay or Transfer (D.I. 91). For the reasons discussed, the Court will deny Defendants' Motion.

## I.   Background

On October 9, 2007, Plaintiff Nihon Tsushin Kabushiki Kaisha d/b/a Japan Communications, Inc. ("Nihon") filed this action against forty-nine individuals and entities (collectively, "Defendants"), asserting claims for breach of contract and fraud in connection with Nihon's investment in Arxceo Corporation ("Arxceo"). (D.I. 1.) Prior to the filing of this action, four of the forty-nine defendants here - RNR Ventures, LLC, Angus Adair Wolfgang, Inc., Donald J. Davidson, and J. Chandler Hall - filed suit in the Circuit Court of Madison County, Alabama against Nihon and five others, asserting individually and derivatively on behalf of Arxceo claims for breach of contract, breach of fiduciary duty, and fraud (the "Alabama Action"). (D.I. 92, Exh. A.) In response to the Complaint filed in the Alabama Action, Nihon and Arxceo filed a Counterclaim against Defendants Davidson and Hall. (D.I. 92, Exh. C.)

Both this action and the Alabama Action arise out of the Securities Purchase Agreement ("SPA") entered into on or about February 28, 2006, in which Nihon purchased from Defendants a 58%

1

stake in Arxceo Corporation, an Alabama technology firm, and

agreed to purchase the remaining 42% over a two-year period.

(D.I. 1 at ¶1, 56; D.I. 100, Exh. A.)  Pursuant to Section 18 of

the SPA, Nihon and Defendants agreed that the SPA "shall be

governed by and construed in accordance with the laws of the

State of Delaware" and that any action related to the SPA "may be

brought and enforced in the courts of the State of Delaware or

the United States District Court for the District of Delaware . .

. ."  (D.I. 100, Exh. A. at 36.)  Section 18 continues:

> EACH OF THE PARTIES IRREVOCABLY WAIVE, TO THE FULLEST EXTENT
> PERMITTED BY LAW, ANY OBJECTION THAT THEY MAY NOW OR
> HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY SUCH PROCEEDING
> IN THE COURTS OF THE STATE OF DELAWARE LOCATED IN NEW CASTLE
> COUNTY OR THE DISTRICT OF DELAWARE AND ANY CLAIM THAT ANY
> SUCH PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT
> IN ANY INCONVENIENT FORUM.

(Id. (emphasis in original).)

Each of the Defendants in this action either is currently or

was formerly a shareholder of Arxceo.  Arxceo is a Delaware

corporation with its principal place of business, assets, books,

and records located in Madison County, Alabama.  (D.I. 92, Exh.

B.)  Nihon is a Japanese Corporation with its principal place of

business located in Tokyo, Japan.  (Id.)

In the Alabama Action, Nihon has raised lack of personal

jurisdiction as an affirmative defense.  (D.I. 92, Exh. C at 20.)

On February 14, 2008, the Honorable Lloyd H. Little, Jr., Circuit

Court Judge for Madison County, Alabama, entered an Amended Order

stating, *inter alia*, "the Court finds that until the Court is notified that [Nihon] and Sanda have been served with process, the issue of whether or not this Court has personal jurisdiction over [Nihon] and Sanda is not ripe for adjudication." (D.I. 144-2.) On June 25, 2008, Defendants submitted notice to this Court that Nihon was served with process in the Alabama Action, by Japanese certified mail and pursuant to the Hague Convention of November 15, 1965. (D.I. 115.)

## II. Discussion

By their Motion, Defendants contend that the Court should (1) dismiss, stay, or transfer this action based on the first-filed doctrine, (2) stay this action in accordance with the rules governing federal abstention, or (3) transfer this action under 28 U.S.C. § 1404 and the doctrine of forum non conveniens. The Court will address these contentions in turn.

### A. "First-Filed" Doctrine

The first-filed doctrine has long functioned as a "policy of comity" counseling "trial judges to exercise their discretion by enjoining the subsequent prosecution of 'similar cases ... in different federal district courts.'" E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988)(citations omitted). The first-filed doctrine does not apply when similar actions are pending concurrently in federal and state court, as the rule "encourages sound judicial administration and promotes comity *among federal*

3

*courts of equal rank*." Id. (emphasis added); accord Omnicom Group, Inc. v. Employers Reinsurance Corp., 2002 WL 109346, at *2 (D. Del. Jan. 28, 2002) ("As this rule only applies to related cases filed in different federal courts, it is not applicable to the present situation where one action is pending in state court").

Defendants acknowledge that the Third Circuit has framed the first-filed doctrine as applying only to concurrently pending federal actions; however, Defendants contend that this case presents a unique situation based on the parties' express agreement under Section 18 of the SPA, that Delaware state law, and not federal law, applies to disputes arising out of the SPA. Defendants have not identified, and the Court has been unable to locate, any case law supporting their contention that the application of the first filed rule should be altered, where as here, federal jurisdiction is based on diversity and state substantive law applies to resolve the underlying dispute. Accordingly, in these circumstances, the Court declines to apply the first-filed rule to dismiss or transfer this action.

## B. Abstention under Colorado River

In the alternative, Defendants contend that this action should be stayed in accordance with the rules governing federal abstention. As set forth by the United States Supreme Court in Colorado River Water Conservation Dist. v. United States, 424

4

U.S. 800 (1976), a federal court may abstain from exercising jurisdiction when an action in federal court essentially duplicates an action currently pending in state court. However, application of the abstention doctrine requires "exceptional circumstances" that go well beyond the conservation of judicial resources inherent in avoiding duplicative litigation. Id. at 813. When determining whether to abstain under Colorado River, a court should consider six factors: "(1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." Id. at 818; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23, 26 (1983); Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses, 460 U.S. at 16.

As a threshold matter, Nihon contends that the abstention doctrine cannot be applied in this case, because the Alabama Action is not a "parallel" state court proceeding. Nihon

5

contends that Defendants' claim of parallelism rests on the
overlap between the claims asserted by Nihon here, and those
contained in the Counterclaim filed in the Alabama Action.
However, Nihon points out that the Counterclaim was provisionally
asserted, pending a determination by the Alabama Court as to
whether it has personal jurisdiction over Nihon. If the Alabama
Court concludes that it does not have personal jurisdiction over
Nihon, Nihon contends that such a ruling would destroy any
parallelism between this case and the Alabama Action.

Parallel proceedings involve "'substantially identical'
claims, raising 'nearly identical allegations and issues'" IFC
Interconsult, AG v. Safeguard Intern. Partners, LLC., 438 F.3d
298, 306 (3d Cir. 2006) (citations omitted). In this case, Nihon
contends that a pending determination by the Alabama Court
regarding whether it has personal jurisdiction over Nihon could
destroy any parallelism between the Alabama Action and this
action. After briefing on the instant Motion To Dismiss was
completed, the Alabama Court concluded that service of process
was not perfected upon Nihon; however, service has since been
perfected, and Nihon does not appear to have raised any further
challenge to the Alabama Court's jurisdiction. Accordingly,
because the claims asserted in this action and the counterclaims
asserted by Nihon in the Alabama Action are virtually identical
(see D.I. 92, Exh. D), the Court concludes that the two actions

6

are parallel judicial proceedings for purposes of applying the abstention doctrine at this juncture.

Having concluded that the abstention doctrine may be applied to this case, the Court turns to the six factors considered under the Colorado River test to determine if the Court should, in its discretion, abstain from exercising jurisdiction over this matter. The first Colorado River factor concerning which court first exercised jurisdiction over the property at issue is inapplicable in this case, because the relief sought in both this action and the Alabama Action is money damages, and not possession or control of specific property. See, e.g., Morgan Stanley Dean Witter Reynolds, Inc. v. Gekas, 309 F. Supp. 2d 652, 657 (M.D. Pa. 2004) ("[B]ecause this is a matter in personam rather than in rem, Colorado River's first factor does not apply").

With respect to the convenience of this forum over adjudication in the Alabama Court, the Court acknowledges that geographically speaking, adjudication in Alabama is more convenient for those Defendants who reside in Alabama. However, pursuant to the parties' express agreement under Section 18 of the SPA, they have waived all objections to proceeding in this Court on the grounds of inconvenience. Accordingly, the Court concludes that the second Colorado River factor weighs against abstention in the circumstances of this case.

Turning to the third Colorado River factor, the Court concludes that the desirability of avoiding piecemeal litigation also weighs against abstention in the circumstances of this case. Defendants contend that allowing two virtually identical actions to proceed simultaneously will necessarily result in piecemeal litigation (D.I. 108 at 6), however, "the 'avoidance of piecemeal litigation' factor is met . . . only when there is evidence of a strong federal policy that all claims should be tried in the state courts." Ryan v. Johnson, 115 F.3d 193, 197-98 (3d Cir. 1997) (citations omitted). "The presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts." Id. at 198 (citations omitted). Because Defendants have not articulated a strong federal policy favoring state court adjudication of the issues in this case, and because the breach of contract and fraud claims asserted here can be fairly characterized as garden-variety state law issues, the Court concludes that the third Colorado River factor also weighs against abstention.

The fourth Colorado River factor concerns which court first obtained jurisdiction over the parties. Like the other Colorado River factors, this factor should be applied pragmatically and flexibly. Accordingly, consideration of this factor takes into account not only which action was filed first, but how much

progress has been made in the two actions. In this case, the Alabama Action was filed one month before this action, discovery has been progressing, and the Alabama Action has now been scheduled for trial in August 2009. Compared with this action, the Court concludes that significant progress has been made in the Alabama Action. Accordingly, the Court concludes that this factor weighs in favor of abstention.

With respect to the fifth Colorado River factor, whether federal or state law controls, there is no dispute that Delaware state law controls this action. As this Court and the Alabama state court are presumably equally capable of applying Delaware state law, this factor neither favors nor disfavors abstention. Likewise, absent any evidence that the Alabama forum is inadequate, and none has been presented, the Court concludes that the sixth Colorado River factor weighs evenly in favor of and against abstention. See Ryan, 115 F.3d at 200 ("[T]he mere fact that the state forum is adequate does not counsel in favor of abstention, given the heavy presumption the Supreme Court has enunciated in favor of exercising federal jurisdiction. Instead, this factor is normally relevant only when the state forum is inadequate").

In sum, the Court concludes that the majority of the Colorado River factors are neutral or weigh against abstention, except one and that one pertains to the progress of the Alabama

Action. However, the Court is not persuaded that this progress amounts to the "exceptional circumstances" required to justify this Court's abstention. See Moses, 460 U.S. at 25-26 ("But we emphasize that our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jurisdiction"). Accordingly, the Court will deny Defendants' Motion to the extent it requests abstention under Colorado River.

## C. 28 U.S.C. § 1404(a) and Forum Non Conveniens

Defendants also contend that this action should be transferred to the District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a) and the doctrine of forum non conveniens. Title 28 of the United States Code, Section 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] 28 U.S.C. § 1404(a). With this

---

[1]    Nihon does not contest that it could have brought this action in the Northern District of Alabama. Courts have recognized that "the plaintiff in a state civil action can avoid being the second-filed matter by simply filing a complaint in a federal district court, not a state trial court at the outset." See North American Communications, Inc. v. Homeowners Loan Corp., 2007 WL 184776 (W.D. Pa. Jan. 22, 2007).

10

statute, Congress codified the doctrine of forum non conveniens. Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 127 S. Ct. 1184 (2007).

The Third Circuit has set forth a list of factors for district courts to consider when deciding whether transfer pursuant to Section 1404(a) is appropriate. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995). These factors include six private interest factors and six public interest factors. The six private interest factors are: (1) the plaintiff's forum preference as evidenced by his or her original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial condition, (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (6) the location of books and records, to the extent that the books and records could not be produced in a certain forum. Id. at 879. The six public interest factors are: (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases.

<u>Id</u>. at 879-80.

As a plaintiff's choice of forum is entitled to substantial deference, the burden is on the movant to establish that the balance of the interests weighs strongly in favor of the requested transfer.  <u>Shutte v. Armco Steel Corp</u>., 431 F.2d 22, 25 (3d Cir. 1970).  A transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. <u>Continental Cas. Co. v. Am. Home Assurance Co.</u>, 61 F. Supp. 2d 128, 131 (D. Del. 1999).

Defendants contend that transfer of this action to Alabama is appropriate because Arxceo is located in Alabama and therefore all of its books and records are also in Alabama, the negotiations and execution of the SPA took place in Alabama, and litigation in Alabama is more convenient for the parties and witnesses involved, most of whom reside in Alabama.  With respect to the public interest factors, Defendants also contend that Alabama has a unique interest in this case because Arxceo has its principal place of business in Alabama and many of the Defendants reside in Alabama.

In response, Nihon directs the Court to Section 18 of the SPA to justify its choice of forum, pointing out that Defendants agreed to jurisdiction in this District.  Nihon also points out that other Defendants in this action are not residents of Alabama.  They are residents of California, Virginia, Florida,

and Delaware. Nihon also contends that its claims rest on
allegedly fraudulent representations made in California and
Colorado, as well as actions Nihon took in Japan in reliance upon
those representations. Therefore, Nihon contends that this
dispute implicates interests beyond the interests of the State of
Alabama. Nihon also contends that this Court is more familiar
with Delaware law than the Alabama Court, and therefore, this
Court presents a more preferable forum for this action.

After considering the pertinent private and public factors,
the Court concludes that Defendants have not established that the
balance of the convenience interests weighs strongly in favor of
the requested transfer. See Shutte 431 F.2d at 25 ("It is black
letter law that a plaintiff's choice of a proper forum is a
paramount consideration in any determination of a transfer
request, and that choice '* * * should not be lightly
disturbed'")(citations omitted). Addressing the private interest
factors first, the Court places considerable weight on Nihon's
choice of forum and on Section 18 of the SPA, in which Defendants
waived the right to object to proceeding in this forum on the
basis of inconvenience. To the extent that Defendants contend
that Section 18 of the SPA is not mandatory, they mistakenly
conflate the permissiveness of the forum selection clause with
the unambiguous language waiving any objection to the
jurisdiction, venue, or convenience of this forum. See D.I. 100,

13

Exh. A at 36 ("Each of the Parties irrevocably waive, to the fullest extent permitted by law . . . any claim that any such proceeding . . . has been brought in any inconvenient forum"); see also AAR Int'l, Inc. v. Nimelias Enterprises, S.A., 250 F.3d 510, 525-26 (7th Cir. 2001). The Court also notes that Arxceo's books and records are located in Alabama, however, the Court is less inclined to give this factor significant weight in light of the current state of technology. Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 205 (D. Del. 1998). The Court also notes that Defendants have identified nine non-party witnesses who are not subject to compulsory process and for whom travel to this forum would be inconvenient, however, this action involves forty-nine defendants, many of whom will presumably serve as sources of proof. Accordingly, the Court cannot conclude that, on balance, the private interest factors weigh strongly in favor of a transfer.

As for the public interest factors, the Court recognizes that Alabama has a local interest in this action given that at least some of the operative acts underlying the claims at issue arose in Alabama; however, there are also allegations pertaining to actions outside the State of Alabama. In addition, the Court notes that while an Alabama judge is certainly more than capable of applying Delaware law, this Court also has an interest in adjudicating cases in which Delaware law controls. See In re

14

ML-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 979 (D. Del. 1993)(citing Sports Eye, Inc. v. Daily Racing Form, Inc., 565 F. Supp. 634, 639 (D. Del. 1983))("The courts in this district have stated that it is preferable for the court of the state whose substantive law controls to hear the case"). Further, the Court finds little or no support for a transfer in the remaining public interest factors regarding enforceability of the judgment, ease or speed of trial, and administrative difficulty due to docket congestion. Accordingly, the Court cannot conclude that the totality of the public and private interest factors weigh strongly in favor of a transfer, and therefore, the Court declines to transfer this action pursuant to 28 U.S.C. § 1404(a) and the doctrine of forum non conveniens.

## III. Conclusion

For the reasons discussed, the Court will deny Defendants' Motion to Dismiss or, in the Alternative, Motion to Stay or Transfer (D.I. 91).

An appropriate Order will be entered.