IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
NIHON TSUSHIKI KABUSHIKI KAISHA :
d/b/a JAPAN COMMUNICATIONS,      :
INC.                            :
                                :
        Plaintiff,              :
                                :
v.                              :    C.A. No. 07-619 JJF
                                :
DONALD DAVIDSON, et al.,         :
                                :
        Defendants.
```

## MEMORANDUM ORDER

Pending before the Court is a Motion To Dismiss filed by
Defendant David Izatt (D.I. 88). For the reasons discussed, the
Court will deny Defendant's Motion.

The background related to this action is set forth in the
Court's February 3, 2009 Memorandum Opinion (D.I. 119) denying a
Motion To Dismiss Or Transfer filed by all Defendants, including
Defendant David Izatt. By his Motion, Defendant Izatt contends
that the Court lacks personal jurisdiction over him as an
individual. In support of his argument, Defendant Izatt directs
the Court to a document which he refers to as the "Purchase of
Securities Agreement" ("Purchase Agreement"). Defendant Izatt
contends that he did not sign the Purchase Agreement as an
individual, but rather as the President of Angus Adair.
Defendant Izatt further contends that he has no contacts with the
State of Delaware, and therefore, the Court cannot exercise
personal jurisdiction over him in his individual capacity.

In response, Plaintiff contends that Defendant Izatt's argument is based upon the wrong agreement. Plaintiff contends that its Complaint is based upon the Securities Purchase Agreement ("Securities Agreement"), and in particular Section 18 of the Securities Agreement, wherein all parties to the Securities Agreement consented to the jurisdiction of this Court. Plaintiff contends that Defendant Izatt is a named party to the Securities Agreement because he signed the Securities Agreement as a "Representative" of the remaining shareholders. Plaintiff further contends that its claims are centered on alleged misrepresentations made by Defendant Izatt, and therefore, as a named party whose individual actions give rise to the claims, Plaintiff contends that Defendant Izatt is individually bound by the consent to jurisdiction contained in Section 18.

The Securities Agreement is signed by Defendant Izatt as a "Representative" of the selling shareholders. Defendant Izatt is listed individually, along with one other representative, as a party to the Securities Agreement in its preamble paragraph. Section 4 of the Securities Agreement then provides a list of representations and warranties made by "[t]he Company and the Representatives hereby jointly and severally . . ." In its Complaint, Plaintiff alleges that these representations were false and that Defendant Izatt breached the Securities Agreement and fraudulently induced Plaintiff to purchase the shares of the

Arxceo shareholders.

Defendant Izatt has elected not to file a Reply Brief and instead rests upon the arguments made in his Opening Brief which are premised on the structure and content of the Purchase Agreement alone.  The Court concludes, as Plaintiff has argued, that its claims are grounded in the Securities Agreement, not the Purchase Agreement.  The Securities Agreement was signed by Defendant Izatt individually as a Representative for the shareholders, and therefore, he is personally subject to the jurisdiction of this Court as he agreed to be in Section 18 of the Securities Agreement.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant David Izatt's Motion To Dismiss (D.I. 88) is **DENIED**.

February  17 , 2009
DATE

UNITED STATES DISTRICT JUDGE